IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY GENE WILLIAMS (TDCJ No. 1967080), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-49-K-BN |
| ROBERT PERRITT, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Larry Gene Williams, at least then an inmate at the Navarro County Jail proceeding *pro se*, has filed a complaint in this Court against the Navarro County Sheriff and individual medical employees at the Navarro County Jail. *See* Dkt. No. 3. On January 8, 2015, the complaint was docketed as an action under 42 U.S.C. § 1983 and referred, pursuant to a standing order, to the undersigned United States magistrate judge for screening under 28 U.S.C. §§ 1915A and 1915(e)(2). For the reasons explained below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On January 12, 2015, the undersigned issued a notice of deficiency and order, which required Plaintiff to either pay the requisite filing fee or file a motion to proceed *in forma pauperis* no later than February 13, 2015. *See* Dkt. No. 4. And the Clerk of Court sent the order and form application to proceed *in forma pauperis* to Plaintiff the

same day the order was entered. *See id.*

It is now more than one month after the deadline to comply with the Court's order – and more than two months since Plaintiff filed this action – and Plaintiff has neither complied with the Court's order nor otherwise contacted the Court.

## Legal Standards and Analysis

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

By not responding to the Court's order, Plaintiff has prevented this action from proceeding. Thus, he has failed to prosecute his lawsuit and obey the Court's orders. As this Court has long recognized, Rule 41(b) dismissal of a lawsuit without prejudice is warranted under such circumstances. *See, e.g., Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20,

2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)); *see also Speed v. Bank of New York*, No. 3:14-cv-3425-L-BN, 2014 WL 6473420, at *3 (N.D. Tex. Nov. 18, 2014) (recommending dismissal for failure to prosecute and obey court orders where *pro se* litigant failed to file (1) an amended complaint signed by the litigant – not his wife acting under a "power of attorney" – and (2) a proper motion to proceed *in forma pauperis*); *Speed v. America's Wholesale Lender*, No. 3:14-cv-3425-L, 2014 WL 6487291, at *1 (N.D. Tex. Nov. 19, 2014) (affirming correctness of this recommendation but dismissing for another, similar deficiency).

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

This case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). But if Plaintiff fully responds to the previous order – by paying the requisite filing fee or filing a motion to proceed *in forma pauperis* – within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE